
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**Curtis Richardson,**
        **Plaintiff,**

        vs.        05-1299

**Warden Frank Shaw, et al.,**
        **Defendants.**

### ORDER

The plaintiff filed an *in forma pauperis* petition, alongwith his complaint on October 5, 2005. He brings his lawsuit pursuant to 42 U.S.C. Section 1983. He names as defendants, Frank Shaw, warden of operations at Hill Correctional Center (hereinafter HCC); Major Nott, chief of security at HCC; Lyle Hawkinson, grievance officer at HCC; Cornealious Sanders, correctional officer at HCC; and Regina Hodge, correctional officer at HCC.

In the court's October 5, 2005 order, the plaintiff was advised that his complaint is subject to the screening required by 28 U.S.C. § 1915A(b). Pursuant to this statute, the court must dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id.

### Allegations and Review of Plaintiff's Complaint

The court has reviewed the plaintiff's complaint. He claims he exhausted administrative remedies. Further, the plaintiff alleges that on February 4, 2005, Defendant Hodge issued a disciplinary report against the plaintiff for sexual misconduct, disobeying an order and intimidation/threats. The plaintiff was found guilty. He received punishment which included revocation of three months of good conduct credit.

The plaintiff claims the Adjustment Committee hearing "was not conducted in good faith, impartiality, prejudice and conflict of interest existed." Defendant Nott was chairman on the committee at the time of the hearing and he failed to sign off on the final summary report on February 16, 2005. Instead, he allowed Lt. Michael Chapin to forge his signature on the report "knowing he was present during the hearing." The plaintiff claims that Deft Sanders told the plaintiff that "in deed an error was made on 2-9-05 of the hearing when he was the sitting committee member and further stated plaintiff should just do the segregation time because I will not win the grievance." The plaintiff wrote an emergence grievance to Warden Shaw regarding "the staff abusing their authority and misconduct disciplinary, unreasonable seizure, false charges and improper hearing." The plaintiff claims Shaw "never responded or probed the issue and signed off on the final summary report, concurring with the decision of the committee." On February 19, 2005, the plaintiff wrote and forwarded a grievance to defendant Hawkinson

"concerning allegations in grievance written on 2-19-05 and 3-27-05 for same." Defendant Hawkinson advised the plaintiff that it is up to the chief administrative officer (warden) to process grievances. The plaintiff claims that Shaw and Hawkinson knowingly, willingingly and intentionally delayed, denied and interfered and infringed the plaintiff's due process when they failed to review and respond to his grievance in a timely manner. On March 30, 2005, the plaintiff was transferred from Western Illinois Correctional Center. The plaintiff makes similar allegations against the various defendants.

Further, the plaintiff claims that the Administrative Review Board did not respond to the plaintiff's grievance until August 24, 2005, six months after the incident. A review of the plaintiff's Exhibit B, attached to his complaint, is an August 31, 2005 ARB review response[1] wherein the ARB advised the plaintiff that his grievance was being returned because the ARB required that the plaintiff use the "Committed Person's Grievance Report" form. This letter apparently was in response to the plaintiff's April 6, 2005 and April 7, 2005 letters to the ARB. There is nothing in the record before this court that indicates the plaintiff's good conduct credits were restored. The plaintiff requests relief in the amount of $75,000 compensatory damages and any other relief the court deems appropriate.

## Discussion

"[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Prisoners "challeng[ing] the fact or duration of their confinement and seek[ing] immediate or speedier release" (such as the restoration of good time credits) must pursue their challenge under the federal habeas statute, not § 1983. *DeWalt v. Carter*, 224 F.3d 607, 614 (7th Cir. 2000), *citing Preiser*, 411 U.S. at 489-90. Additionally, a suit for damages under § 1983 that challenges an underlying conviction or sentence, or challenges "actions whose unlawfulness would render a conviction or sentence invalid," does not accrue until that conviction or sentence has been invalidated.[2] *Heck v. Humphrey*, 512 U.S. 477, 484-487 (1994). In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended this ruling to include § 1983 suits for damages "challenging the loss of good time credits in prison disciplinary actions (when the fact or duration of confinement was implicated)" even if the plaintiff did not seek a restoration of good time. *DeWalt v. Carter*, 224 F.3d 607, 615 (7th Cir. 1999), *citing Edwards v. Balisok,* 520 U.S. at 648. Therefore, claims that "necessarily impl[y] the invalidity of the punishment imposed (i.e., loss of good time credits) . . . [are] not cognizable under § 1983" until the prison disciplinary decision has been invalidated. *Id.*

---

[1]Although the plaintiff refers to another ARB response in his complaint, this is the only ARB response attached to the plaintiff's complaint. In his reference to the other response, the plaintiff asks the court to note that the ARB does not address the offense of sexual misconduct.

[2]The underlying conviction or sentence is invalidated if it is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. Section 2254." *Heck v. Humphrey*, 512 U.S. at 486-487.

The nature of the claim governs whether the validity of the underlying sanctions are implicated. For example, procedural due process challenges based on the refusal to call exonerating witnesses, or impartiality of the tribunal does implicate the validity of the sanctions. *Edwards v. Balisok*, 520 U.S. at 646-47; *Lusz v. Scott*, 126 F.3d 1018, 1022 (7th Cir. 1997).

Here, the plaintiff seeks damages for his claim which necessarily implies the invalidity of the disciplinary decision revoking his good time. Illinois inmates challenging disciplinary hearings may seek mandamus relief or judicial review of prison disciplinary proceedings through a writ of certiorari. *See, e.g.,* 735 ILCS 5/14-101 et seq.; *Scotti v. Taylor*, 351 Ill.App.3d 884 (4th Dist. 2004)(due process challenge to prison disciplinary proceeding brought as mandamus petitions); *Armstrong v. Snyder*, 783 N.E. 2d 1101, 1103 (Ill. App. 2003)("*Mandamus* is an appropriate remedy to compel DOC to conduct disciplinary hearings consistent with due process.); Reyes v. Walker, 358 Ill.App.3d 1122, 1125 (4th Dist. 2005)("We have held that a common-law writ of certiorari is the proper method for obtaining review of DOC disciplinary proceedings."); *Alicea v. Snyder*, 748 N.E.2d 285, 289 (Ill. App. Ct. 4th Dist. 2001)(writ of certiorari action is the proper method to challenge prison disciplinary proceedings); *Thompson v. Lane*, 551 N.E.2d 731 (Ill. App. Ct. 4th Dist. 1990)(writ of madamus challenging due process violation in disciplinary hearing). The plaintiff must invoke one complete round of the normal appellate process, which includes seeking discretionary review before the Illinois Supreme Court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999).

Based on the foregoing, it is ordered:

1. As the plaintiff has a negative trust fund balance, his motion for reconsideration of the prepayment order is granted, d/e 15. The plaintiff's requirement to pay an initial partial filing fee is waived. The plaintiff's second motion for reconsideration of the prepayment order is rendered moot, d/e 16.
2. The plaintiff's petition to proceed in forma pauperis, d/e 1, is granted.
3. The plaintiff's complaint is dismissed because it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). All pending motions are denied as moot, and this case is terminated in its entirety.
4. The agency having custody of the plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to the plaintiff's account. The agency must forward payments from the plaintiff's trust fund account to the clerk of Court each time the plaintiff's account exceeds $10.00 until the statutory filing fee is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $250.00;
5. The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the trust fund office.
6. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.
7. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be

liable for the $255.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate a strike under 28 U.S.C. 1915(g).

Enter this 21st  day of December, 2005.

                           **s\HaroldA.Baker**
          _____
                           HAROLD A. BAKER
                 UNITED STATES DISTRICT JUDGE